# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **EXETER FINANCE LLC,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. _____ |
| **JACQUES WILLIAMS,** | § § § | |
| *Defendant.* | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Exeter Finance LLC ("Plaintiff" or "Exeter") and files this Original Complaint for Declaratory Judgment ("Original Complaint"), respectfully showing the Court as follows:

## I.
## PARTIES

1. Plaintiff is a Delaware limited liability company with its principal place of business at 2101 W. John Carpenter Freeway, Irving, Texas 75063.

2. Defendant Jacques Williams ("Defendant") is, upon information and belief, a citizen of Georgia who resides in Stone Mountain, Georgia.

## II.
## VENUE

3. Venue is proper in the Atlanta Division of the Northern District of Georgia because the Defendant resides in Dekalb County, Georgia. 28 U.S.C. § 1391(b)(1); *see also* L.R. 3.1(B)(1)(a).

4. Exeter brings this Original Complaint pursuant to the federal declaratory judgment statute, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

## III.
## FACTUAL BACKGROUND

5. On December 5, 2020, Defendant entered into a Retail Installment Sale Contract ("RISC") with Pinnacle Cars LLC in Union City, Georgia (the "Dealer") to finance the purchase of a used 2019 Kia Optima (the "Vehicle"). A true and correct redacted copy of the RISC is attached hereto as **Exhibit A**.

6. Thereafter, Dealer assigned the RISC to Exeter, and Exeter thereby holds a first-lien security interest in the Vehicle. A true and correct redacted copy of the Assignment and Assumption Agreement is attached hereto as **Exhibit B**. The Vehicle is titled in Georgia, which title includes evidence of Exeter's lien. A true and correct redacted copy of the electronic Lien and Title Information is attached hereto as **Exhibit C**.

7. Under the RISC, Defendant shall be in default if, among other things, he: (1) exposes the Vehicle to seizure; (2) fails to maintain physical damage insurance on the Vehicle; (3) allows another security interest to be placed on the Vehicle without written permission; or (4) fails to make full and timely payments. *See* Ex. A ¶¶ 2b-d, 3b.

8. In the event of default, Exeter is entitled to possession of the Vehicle, and may sell the Vehicle if Defendant does not redeem. *Id.* ¶ 3d.

9. On April 8, 2021, Defendant began active-duty military service as that term is defined by the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.* ("SCRA"). A true and correct copy of the Defendant's Military Status Report is attached as **Exhibit D**.

10. Based on Defendant's active-duty military status, Exeter reduced the annual percentage rate under the RISC to 6%, thereby reducing Defendant's monthly payment by nearly $200 per month from $513.71 to $315.64. A true and correct redacted copy of correspondence sent to Defendant regarding the rate reduction is attached as **Exhibit E**.

11. In September 2021, the Vehicle was involved in a motor vehicle accident and thereafter impounded and towed to a collision center. As lienholder, Exeter received notice that the Vehicle had been impounded. Thus, to preserve its

interest in the Vehicle and to prevent its lien from being stripped, Exeter secured the Vehicle on October 19, 2021.

12. The next day, on October 20, 2021, Exeter provided written notice to Defendant informing him that a third party had taken possession of the Vehicle and that Exeter had exercised its rights under the RISC to recover the Vehicle, as well as requesting that he contact Exeter to regain possession of the Vehicle. Defendant, however, did not respond. A true and correct redacted copy of correspondence sent to Defendant regarding the rate reduction is attached as **Exhibit F**.

13. After the Vehicle was impounded, Exeter discovered that Defendant had failed to maintain physical damage insurance on the Vehicle.

14. Exeter has not received any payments from Defendant since April 2022.

15. Defendant defaulted because: (1) the Vehicle was seized by being impounded and towed to a collision center; (2) he failed to maintain physical damage insurance on the Vehicle; (3) he allowed another security interest to be placed on the Vehicle by the collision center without Exeter's written permission; and (4) he failed to make full and timely payments. *See* Ex. A ¶¶ 2b-d, 3b.

16. Defendant concluded his active-duty military service on June 24, 2022. *See* Ex. D.

17. Exeter attempted on numerous occasions to contact Defendant during and after concluding active-duty military service regarding the Vehicle, but Defendant did not respond.

## IV.
## COUNT I: DECLARATORY JUDGMENT

18. The foregoing paragraphs and allegations therein are hereby incorporated by reference for all purposes as if fully set forth herein.

19. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested parties seeking such a declaration in a case of actual controversy.

20. Exeter seeks a declaration from the Court declaring that the SCRA is inapplicable to Exeter's repossession of the Vehicle pursuant to its rights and remedies under the RISC that occurred during Defendant's active-duty military service, and that the SCRA is inapplicable to the sale of the Vehicle at this time considering, among other things, that Defendant is no longer on active-duty military service.

21. There exists an actual, justiciable controversy as to the rights and protections afforded to Defendant and any obligations imposed upon Exeter under the SCRA with respect to the repossession and sale of the Vehicle.

22.     The rights and protections afforded under the SCRA with respect to the repossession and sale of the Vehicle should not apply because Exeter obtained possession of the Vehicle to secure its interest after the Vehicle had been impounded.

23.     Under the circumstances and in an abundance of caution, Exeter respectfully requests a declaration that the SCRA is inapplicable to Exeter's possession and sale of the Vehicle at this time pursuant to its rights and remedies under the RISC.

24.     Alternatively, Exeter requests a court order pursuant to 50 U.S.C. § 3952 permitting it to sell the Vehicle in its possession.

WHEREFORE, Exeter respectfully requests that this Court adjudicate the status and rights of the parties with respect to the applicability of the SCRA to Exeter's repossession and sale of the Vehicle at this time, together with such other and further relief as may be required.

Date:  December 19, 2022

Respectfully submitted,

/s/ Gwendolyn J. Godfrey
Gwendolyn J. Godfrey
Georgia Bar No. 153004
Polsinelli PC
1201 West Peachtree Street, Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 253-6000
ggodfrey@polsinelli.com

**ATTORNEYS FOR EXETER FINANCE LLC**